UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF NEW YORK
-----------------------------------------------------------------
JOMO WILLIAMS,

                           Plaintiff,

                  v.                                      9:05-CV-247
                                                          (FJS/GJD)

COMMISSIONER GOORD, Commissioner of
NYS DOC; *et al.*

                          Defendants.
-----------------------------------------------------------------
APPEARANCES

JOMO WILLIAMS
03-A-6836
Plaintiff *pro se*

GUSTAVE J. DIBIANCO, U.S. MAGISTRATE JUDGE

## AMENDED DECISION AND ORDER

    Currently before the Court for its review is Plaintiff Jomo Williams' Motion for Reconsideration of this Court's June 22, 2006 Document Rejection Order. The Rejection Order returned a 31 page document to Plaintiff as the document merely repeated allegations set forth in prior filings that were pending before the Court. See Dkt. No. 34.

    A court may justifiably reconsider its previous ruling if: (1) there is an intervening change in the controlling law; (2) new evidence not previously available comes to light; or (3) it becomes necessary to remedy a clear error of law or to prevent manifest injustice. *Delaney v. Selsky*, 899 F.Supp. 923, 925 (N.D.N.Y. 1995) (McAvoy, C.J.) (citing *Doe v. New York City Dep't of Soc. Servs.*, 709 F.2d 782, 789 (2d Cir.), *cert. denied*, 464 U.S. 864 (1983)).

    The standard for granting a Motion for Reconsideration is strict. *Shrader v. CSX Transportation, Inc.*, 70 F.3d 255, 257 (2d Cir. 1995). A Motion for Reconsideration "should

not be granted where the moving party seeks solely to relitigate an issue already decided." *Id.* Furthermore, a Motion for Reconsideration is not to be used "for relitigating old issues, presenting the case under new theories, securing a rehearing on the merits, or otherwise taking a 'second bite at the apple'...." *Sequa Corp. v. GBJ Corp.*, 156 F.3d 136, 144 (2d Cir. 1998) (citations omitted).

Plaintiff states that, with his Motion, he is resubmitting the same papers. Dkt. 23. Plaintiff further states that he seeks reconsideration of the June 22, 2006 order "to avoid irreparable harm, avoid dismissal in action, exercise my right to speedy appeals and to make supplemental briefs in criminal appeals, to preserve right to stay actions in other proceedings inter alias (*sic*) reasons." *Id.* at page 2. Thereafter, all of the pages of this Motion are devoted to setting forth the same complaints and allegations as are set forth in numerous filings Plaintiff has made with this Court. Plaintiff offers nothing to support a contention that the June 22, 2006 Order was improper or erroneous. Clearly, the Plaintiff has not established any of the above-cited factors relative to his Motion for Reconsideration, and, therefore, this Motion must be denied.

WHEREFORE, it is hereby

ORDERED, that Plaintiff's Motion for Reconsideration (Dkt. No. 34) is denied, and it is further

ORDERED, that the Clerk serve a copy of this Order on Plaintiff by regular mail.

IT IS SO ORDERED.

Dated: November 20, 2006

Gustave J. Di Bianco
U.S. Magistrate Judge