UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF NEW YORK
_____

JOMO WILLIAMS,

                                  Plaintiff,

                                v.                                    9:05-CV-247
                                                                           (FJS/GJD)

COMMISSIONER GOORD, Commissioner of
NYS DOC; OFFICER SMITH, Bare Hill Corr. Facility;
OFFICER BOUSIE, Bare Hill Corr. Facility; JOHN
DONELLI, Superintendent, Bare Hill Corr. Facility;
L. KELLY, Senior Mail Clerk, Bare Hill Corr. Facility;
LESTER WRIGHT; NURSE WARNER; DONALDSON,
Supervisor, Bare Hill Inmate Grievance Program;
BESSETTE, Hearing Officer; I.P. NURSE, Franklin
Corr. Facility; NURSE GRANT; MICHAEL ALLARD,
Superintendent, Franklin Corr. Facility; DIRECTOR
OF N.Y.S.D.O.C.S. GRIEVANCE I.G.R.C.; and
CLINTON HUB SUPERVISOR,

                                  Defendants.
_____

**APPEARANCES**

**JOMO WILLIAMS**
03-A-6836
Upstate Correctional Facility
309 Bare Hill Board
P.O. Box 2001
Malone, New York 12953
Plaintiff *pro se*

**SCULLIN, Senior Judge**

## MEMORANDUM-DECISION AND ORDER

### I. INTRODUCTION

      Plaintiff Jomo Williams filed this action on February 28, 2005. On February 27, 2006, he

filed his amended complaint, *see* Dkt. No. 20, in compliance with this Court's March 10, 2005

and January 17, 2006 Orders, *see* Dkt. Nos. 6, 16.  In his amended complaint, Plaintiff asserts claims against individuals at the Bare Hill and Franklin Correctional Facilities.  In its May 12, 2006 Memorandum-Decision and Order, the Court ordered the Clerk of the Court to issue summonses and forward them, together with copies of the amended complaint, to the United States Marshal for service on Defendants.  *See* Dkt. No. 29.  On the same day, the Clerk of the Court sent a letter to Plaintiff advising him that "[p]ursuant to the order . . . filed May 12, 2006, . . . this office will need **14** copies of your complaint for the U.S. Marshal to effect service upon the named defendants."  *See* Dkt. No. 30.  Subsequently, the Clerk of the Court has, on at least three occasions, provided Plaintiff with courtesy copies of his amended complaint so that he could submit handwritten copies or photocopies of the same for service on Defendants.  *See* Dkt. Nos. 31, 47, 51.  Despite the Clerk of the Court's repeated attempts to assist Plaintiff, he still has not provided the Court with service copies of his amended complaint.  Thus, no Defendant has been served in this action.  Plaintiff has, however, been a prolific filer of documents in this case as the Court's docket demonstrates.  In addition, Plaintiff has an appeal to the Second Circuit, *see* Dkt. No. 39, and two appeals from Magistrate Judge DiBianco's orders pending.  *See* Dkt. Nos. 33, 37.

Currently before the Court are Plaintiff's three motions for injunctive relief.  *See* Dkt. Nos. 21, 25, 52.[1]  Plaintiff filed his first motion for a preliminary injunction in February 2006.  *See* Dkt. No. 21.  In that motion, Plaintiff sought an Order from this Court directing that he be

---

[1] In its May 12, 2006 Memorandum-Decision and Order, the Court directed Defendants' counsel to respond to Plaintiff's first and second motions for injunctive relief within twenty days of the date that the first Defendant was served with the amended complaint.  *See* Dkt. No. 29 at 5.

transferred out of the Clinton Hub, that he be provided with telephone access to various legal entities and advisors, that he be provided advances for express and certified mail as well as free certified mail for all privileged mail, and that he be provided with immediate written proof that his mail is being mailed upon his delivery of it to prison officials. *See* Dkt. No. 29 at 3.

Plaintiff filed his second motion for injunctive relief in March 2006. *See* Dkt. No. 25. In that motion, Plaintiff sought a temporary restraining order directing that he immediately be removed from the Clinton Hub and transferred to the hub nearest his family, physician and attorney; that he be granted emergency phone calls to his attorney and physician; and that the January 10, 2006 determination that resulted in his placement in solitary confinement be set aside. *See* Dkt. No. 29 at 3-4

Plaintiff filed his current motion for a preliminary injunction on January 10, 2007. *See* Dkt. No. 52. In that motion, he seeks an Order directing the Clerk of the Court to provide Anthony Boucaud, the Superintendent of Upstate Correctional Facility, with a copy of Plaintiff's amended complaint and an Order directing the Superintendent to make copies of that document for Plaintiff.[2]

## II. DISCUSSION

A preliminary injunction "is an extraordinary remedy and should not be routinely granted." *Patton v. Dole*, 806 F.2d 24, 28 (2d Cir. 1986) (citation omitted). In most cases, the party seeking the injunction must show "that [he] will suffer irreparable harm in the absence of an injunction and demonstrate either (1) 'a likelihood of success on the merits' or (2) 'sufficiently

---

[2] Mr. Boucaud is not a party to this action.

serious questions going to the merits to make them a fair ground for litigation and a balance of the hardships tipping decidedly'" in favor of the moving party. *See Jolly v. Coughlin*, 76 F.3d 468, 473 (2d Cir. 1996) (quotation and other citation omitted). Where, however, a movant seeks relief which will alter, rather than maintain, the status quo, or which will provide him with substantially all the relief he seeks, the injunction sought is properly characterized as mandatory rather than prohibitory and the movant must make a "clear" or "substantial" showing of the likelihood of success as well as irreparable harm if the court does not grant the injunctive relief. *See id.* (quotation omitted).

The Court need not reach the merits of Plaintiffs' motions because it is clear that Plaintiff has been transferred to Upstate Correctional Facility. *See* Unnumbered Docket Entry dated February 16, 2007. Since Plaintiff is no longer incarcerated under the supervision of the named Defendants in this action, the Court must deny his request for injunctive relief. *See* Fed. R. Civ. P. 65(d); *cf. Hallett v. New York State Dep't of Corr. Servs.*, 109 F. Supp. 2d 190, 196 (S.D.N.Y. 2000) (dismissing, as moot, the plaintiff's requests for injunctive relief "[b]ecause he [was] no longer incarcerated and under the supervision of any of the named defendants . . .").

In addition, at least some of the relief that Plaintiff seeks in his motions for injunctive relief are not related to the claims in his amended complaint. *See Chavis v. Ryan*, 9:05-CV-100, 2007 WL 446440, *1 (N.D.N.Y. Feb. 7, 2007) (noting that "the relief a plaintiff seeks by way of injunction must relate to the allegations contained in the underlying complaint" (citation omitted)). Finally, the Court advises Plaintiff that, except in limited circumstances not relevant here, a court may not order injunctive relief as to non-parties to an action. *See* Fed. R. Civ. P. 65(d) (providing that "[e]very order granting an injunction . . . is binding only upon the parties to

the action . . ."); *Chavis*, 2007 WL 446440, at \*2 (citations omitted).

### III. CONCLUSION

After reviewing the entire file in this matter, the relevant law, and for the reasons stated herein, the Court hereby

**ORDERS** that Plaintiff's three motions for injunctive relief are **DENIED** as moot; and the Court further

**ORDERS** that the Clerk of the Court shall serve a copy of this Order on Plaintiff and the Office of the New York State Attorney General by regular mail.

**IT IS SO ORDERED.**

Dated: March 2, 2007
       Syracuse, New York

                      Frederick J. Scullin, Jr.
                      Senior United States District Court Judge