```
UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF NEW YORK
------------------------------------------------------------------------
JOMO WILLIAMS,
                                          Plaintiff,

                    v.                                              9:05-CV-247
                                                                    (FJS/GJD)
COMMISSIONER GOORD, Commissioner of
NYS DOC; et al.,
                                          Defendants.
------------------------------------------------------------------------
APPEARANCES

JOMO WILLIAMS
03-A-6836
Plaintiff pro se
```

## DECISION and ORDER

**A.     Background.**

By Order dated March 3, 2006 ("March Order"), the Court rejected papers filed by Jomo Williams ("Williams" or "plaintiff"). The March Order found that plaintiff's submissions did not comply with the Local Rules and it was unclear what plaintiff was requesting from the Court. Docket No. 22. Thereafter, plaintiff filed a motion for reconsideration (Docket No. 24) on March 23, 2006.[1]

**B.     Motion for Reconsideration.**

A court may justifiably reconsider its previous ruling if: (1) there is an intervening change in the controlling law; (2) new evidence not previously available comes to light or (3) it becomes necessary to remedy a clear error of law or to prevent manifest injustice. *Delaney v. Selsky*, 899 F.Supp. 923, 925 (N.D.N.Y. 1995) (McAvoy, C.J.) (citing *Doe v. New York City Dep't of Soc. Servs.*, 709 F.2d 782, 789 (2d Cir.), *cert.*

---

[1] The motion was dated March 12, 2006.

*denied*, 464 U.S. 864 (1983)).

In support of his motion for reconsideration, Williams asserts that he could not comply with Local Rule 10 because he did not have a copy of it.[2]  Further, Plaintiff alleges that he did not submit single sided copies because his supply of paper is limited. Plaintiff also attached twenty three (23) other handwritten pages to this Motion which are unrelated to this Motion, including grievances, mail logs, and various requests to persons in and outside of the correctional facility.[3]  After review of the pending motion for reconsideration of a very old rejection order, it is clear that plaintiff has *not* established any of the appropriate factors in his motion for reconsideration, and, therefore, this motion must be denied.

The court notes that the docket in this action is filled with document rejection orders and plaintiff's unnecessary and meritless appeals from these orders. (Dkt. Nos. 18, 19, 24, 26, 31, 33, 34, 35, 49, 51). Plaintiff has even filed appeals of rejection and other orders to the Second Circuit Court of Appeals. (Dkt. Nos. 26, 39).  On September 27, 2006, the Second Circuit dismissed plaintiff's appeal of a rejection order based upon the lack of a final order as contemplated by 28 U.S.C. § 1291 and the absence of a decision on plaintiff's motion for injunctive relief. (Dkt. No. 44)(Mandate).

Plaintiff has appealed to the Second Circuit the order that denied his request to be excused from submitting copies of his amended complaint for service. (Dkt. No. 39).

---

[2]Plaintiff was advised of the requirements of Local Rule 10.1 on two prior occasions.  *See* Docket Nos.18-19.

[3] According to the cover page of the attached documents, these twenty three pages are the documents this Court rejected on February 15, 2006.  *See* Docket No. 18.

2

Plaintiff filed his appeal to the Second Circuit even before Senior Judge Scullin decided plaintiff's appeal of that order to the District Court.[4] It is clear that rather than attempting to comply with the court's orders, plaintiff is filling the docket with unnecessary motions and appeals. Although he complains that his supply of paper is limited, he continues to submit page after page of material on his needless motions to reconsider. If he had simply complied with the court's first order, he would have had enough paper to submit the required 14 copies of his amended complaint for service on defendants.

**WHEREFORE**, in light of the above, it is hereby

**ORDERED**, that plaintiff's motion for reconsideration (Docket No. 24) is **DENIED**, and it is further

**ORDERED**, that the Clerk serve a copy of this Order on the plaintiff by regular mail.

Dated: March 9, 2007

_____
Hon. Gustave J. DiBianco
U.S. Magistrate Judge

---

[4] The court notes that the Second Circuit has held that notwithstanding a pending appeal, a district court retains residual jurisdiction over collateral matters, not related to the appeal. *Tancredi v. Metro. Life Ins. Co.*, 378 F.3d 220, 225 (2d Cir. 2004).